UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
ex rel. Christian Kreipke, and CHRISTIAN
KREIPKE, an individual,

    Plaintiffs,

v.                                                                                        Case No. 12-14836

                                                                          HON. AVERN COHN

WAYNE STATE UNIVERSITY, and
UNIVERSITY PHYSICIAN GROUP,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S
## MOTION TO ALTER OR AMEND JUDGMENT (Doc. 51)

      This is a False Claims Act (FCA) case.  Relator Christian Kreipke (Plaintiff) claims that Defendants Wayne State University (WSU) and University Physician Group (UPG) were involved in a conspiracy whereby false claims and false documents were presented to the United States Government in violation of the FCA, 31 U.S.C. §§ 3729, et seq.  Under state law, Plaintiff claims that WSU improperly terminated him in retaliation for his refusal to violate the law, and that the President of WSU, M. Roy Wilson, publicly defamed him.  Neither President Wilson nor the Board of Governors of WSU is named as defendant.

      On November 13, 2014, the Court entered a Memorandum and Order (the Order) (Doc. 49) granting in part and denying in part WSU's Motion to Dismiss (Doc. 28) and UPG's Motion to Dismiss (Doc. 29) and dismissing the case.  Now before the Court is Plaintiff's Motion to Alter or Amend Judgment (Doc. 51).  For the reasons that follow, Plaintiff's Motion is DENIED.

1

## II. BACKGROUND

### A.

The history of this case is detailed in the Court's prior Order (Doc. 49) and is not repeated here. The motion before the Court deals with Plaintiff's motion to alter or amend the judgment, the details of which are explained below.

### B.

In July 2014, Defendant WSU filed a Motion to Dismiss (Doc. 28) arguing, *inter alia*, that Plaintiff's claims against WSU must be barred because WSU is an "arm of the state" enjoying Eleventh Amendment immunity.

In his Response (Doc. 35), in addition to arguing that WSU is not an "arm of the state," Plaintiff argued in the alternative that he should be allowed to amend the First Amended Complaint (Doc. 19) in order to add two parties: WSU's Board of Governors and President Wilson. Plaintiff filed no formal motion for leave to amend the First Amended Complaint.

In the November 13, 2014, Order, the Court agreed with WSU and held, *inter alia*, that Plaintiff's claims were barred because WSU is an "arm of the state." The Court did not address Plaintiff's informal request to amend the First Amended Complaint. In the instant action, Plaintiff argues that, pursuant to Fed. R. Civ. P. 59(e), the judgment must be altered or amended because the Court made no ruling on his request.

## III. STANDARD OF REVIEW

Fed. R. Civ. P. 59(e) may be used by a litigant seeking reconsideration of any prior ruling of the court. "A court may grant a Rule 59(e) motion to alter or amend if

there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.' " *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citation omitted). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources" *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (citation omitted).

## IV. DISCUSSION

Plaintiff argues that the Court's prior Order must be amended because the Court erred by failing to rule on his "motion" to amend. (See Doc. 51 at 3) Plaintiff's argument lacks merit.

Here, Plaintiff never properly filed a motion for leave to amend. Instead, as part of his response to WSU's Motion to Dismiss, he requested "in the alternative, if the Court finds for any reason that Plaintiff has insufficiently pled claims against Defendant based on a lack of specificity, then Plaintiff should be given his opportunity to amend his complaint in response to a motion to dismiss under Rule 9(b)." (Doc. 35 at 46). Therefore, the only contended "error" or "manifest injustice" is the Court's purported failure to rule on Plaintiff's request—not motion—for leave to further amend the First Amended Complaint.

In the Sixth Circuit, courts have repeatedly held that an informal request for leave

3

to amend raised only in response to a motion to dismiss is procedurally improper, and must be denied. *See, e.g.*, *Grier v. Wayne Co. Circuit Court*, No. 06-14992, 2007 WL 1106143, at *3 (E.D. Mich. Apr. 12, 2007) (Cox, J.) (denying Plaintiff's request for leave to amend made in response to Defendant's motion to dismiss, and holding that "Plaintiff must file a separate motion for leave that includes the proposed amended complaint[]"); *New London Tobacco Mkt., Inc. v. Burley Stabilization Corp.*, No. 3:13-CV-122, 2013 WL 2112290, at *3 (E.D. Tenn. May 15, 2013) ("Plaintiff has not properly moved to amend its complaint by filing an actual motion. It is unacceptable for a litigant to bury a motion inside a brief. A motion must be filed as a separate, freestanding document. For that reason alone, the court will deny leave to amend.").

Here, Plaintiff failed to properly file a motion for leave to amend the First Amended Complaint. Rather, he merely "requested" to amend as an argument presented in the alternative within his response to WSU's Motion to Dismiss. The Court has no duty to rule on requests not presented in accordance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7(b)(1) (requiring that "[a] request for a court order must be made by motion"). In addition, assuming a motion for leave to amend had been properly filed and was pending before the Court at the time of the Order, the dismissal of the case on its merits would have effectively mooted the motion. Therefore, there is no "clear error of law" or "manifest injustice" that can be remedied by Plaintiff's motion.

## V. CONCLUSION

For the above reasons, Plaintiff's Motion to Alter or Amend Judgment has been denied.

12-14836 Kreipke, et al v. Wayne State University, et al

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: January 22, 2015

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 22, 2015, by electronic and/or ordinary mail.

s/Sakne Chami
Case Manager, (313) 234-5160

5